IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

                                    :

TRUSTEES OF THE NATIONAL
AUTOMATIC SPRINKLER INDUSTRY        :
WELFARE FUND, et al.

                                    :

    v.                              :   Civil Action No. DKC 12-1421

                                    :

WESTLAND FIRE PROTECTION, INC.,
et al.                              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action
arising under the Employee Retirement Income Security Act of
1974 ("ERISA") is a motion for default judgment filed by
Plaintiffs, the trustees of various funds associated with the
National Sprinkler Industry (collectively, "the Funds").  (ECF
No. 9).  The relevant issues have been briefed and the court now
rules pursuant to Local Rule 105.6, no hearing being deemed
necessary.  For the reasons that follow, the motion will be
granted in part and denied in part.

## I.   Background

The following facts are alleged in the complaint.  The
Funds are multiemployer benefit plans within the meaning of
section 3(3) of ERISA, 29 U.S.C. § 1002(3).  Defendant Westland
Fire Protection, Inc., d/b/a Advanced Fire Protection, Inc., a
Michigan contractor or subcontractor in the sprinkler industry,

is an employer in an industry affecting commerce, as defined in sections 501(1), (3), 2(2) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141(1), (3), and 152(2); sections 3(5), (9), (11), (12), and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14); and section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.[1]

Pursuant to collective bargaining agreements ("CBAs") with Sprinkler Fitters Union Nos. 669 and 704, Defendants agreed to pay certain sums of money for each hour worked by covered employees. Defendants are also bound by the Restated Agreements and Declarations of Trust establishing the Funds ("Trust Agreements"). The CBAs and Trust Agreements authorize Plaintiffs to audit Defendants' payroll and wage records to verify the accuracy of monthly contributions. Beginning in December 2011, on behalf of the Funds, an auditor made numerous attempts to conduct an audit of Defendants' records for the period of January 1, 2009, through the date of the audit. Defendants have consistently refused access to the necessary records.

Plaintiffs commenced this action on May 10, 2012, alleging that Defendants breached the CBAs when, from December 2011 through February 2012, they "refused access to the company's

---

[1] The complaint additionally names Westland Fire Protection, Inc., and Advanced Fire Protection, Inc., but the allegations appear to relate to a single business entity.

records that were requested by the . . . Funds' auditor for the period of January 1, 2009[,] through the date of the audit." (ECF No. 1 ¶ 11).  The complaint further recites that, pursuant to the Trust Agreements, "an Employer that fails to pay contributions in a timely fashion shall be liable for liquidated damages, interest on the amounts owing and for all expenses incurred in enforcing payment of the contributions due, including but not limited to reasonable attorneys' fees, accountant's fees, and court costs." (*Id*. at ¶ 16).  Defendants seek an order requiring Defendants to permit an audit and judgment for the amount of any unpaid contributions, plus liquidated damages, interest, attorneys' and audit fees, and costs.

Service of process was effected on May 29, 2012.  When Defendants failed to respond within the requisite time period, Plaintiffs concomitantly filed a motion for entry of default (ECF No. 8) and the pending motion for default judgment (ECF No. 9).  Defendants failed to respond, and the clerk entered default on August 3.  (ECF No. 10).

## II.  Standard of Review

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

3

party's default."  Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment upon the plaintiff's application and notice to the defaulting party, pursuant to Fed. R.Civ.P. 55(b)(2).  A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir. 1980)).

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not." *Lawbaugh*, 359 F.Supp.2d at 422. Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount.

"[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2nd Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981)). While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

## III. Analysis

Assuming the truth of the well-pleaded allegations of the complaint, as the court must upon entry of default, Plaintiffs have established a violation under ERISA. Section 502(a)(3)

authorizes parties to enforce the provisions of CBAs and trust agreements. *See* 29 U.S.C. § 1132(a)(3) (providing that a civil action may be brought: "(A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any . . . terms of the plan"). According to the complaint, Defendants are signatories to the CBAs and are, therefore, obligated to comply with the terms of the Trust Agreements, which require them to submit to an audit at the request of the Funds' trustees. Despite repeated demands, Defendants have refused to permit the Funds to conduct an audit of their records for the years 2009 to the present. Based on these undisputed allegations, the Funds have stated a sufficient claim for relief under ERISA. *See La Barbera v. Fed. Metal & Glass Corp.*, 666 F.Supp.2d 341, 348 (E.D.N.Y. 2009) (entering default judgment in favor of trustees where the complaint alleged that an employer refused to submit an audit despite being contractually bound to do so by a CBA and trust agreement); *see also National Elec. Ben. Fund v. AC-DC Elec., Inc.*, Civ. No. DKC 11-0893, 2011 WL 6153022 (D.Md. Dec. 9, 2011).

ERISA authorizes courts to grant "equitable relief as . . . appropriate" where a plaintiff brings a successful action to enforce its requirements. *See* 29 U.S.C. § 1132(g)(2)(E); *see*

*also La Barbera*, 666 F.Supp.2d at 350.  "Such relief may include an injunction ordering the defendant to submit to an audit." *Int'l Painters & Allied Trades Indus. Pension Fund v. Exec. Painting, Inc.*, 719 F.Supp.2d 45, 52 (D.D.C. 2010).  Indeed, pursuant to ERISA, benefit plan trustees have the right to review the records of employers contributing to the plans.  *Id.* (citing *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 581 (1985)).

Because ERISA authorizes injunctive relief as a possible remedy, an injunction requiring Defendants to submit to an audit is warranted as long as the Funds establish the prerequisites for an injunction – namely, a showing of irreparable harm and the absence of an adequate legal remedy.  *La Barbera*, 666 F.Supp.2d at 350-51.  In support of their motion for default judgment, the Funds have submitted the declaration of assistant administrator John P. Eger.  (ECF No. 9-3).  While Mr. Eger's declaration does not explicitly assert that there is no adequate remedy at law or that irreparable harm will result if injunctive relief is not granted, the record clearly reflects that those elements are present.  Specifically, if an audit is not permitted, Plaintiffs will have no means of ensuring Defendants' compliance with the terms of the CBAs and Trust Agreements, nor will they be able to collect any amounts to which they may be entitled.  Accordingly, Plaintiffs are entitled to conduct an

audit and Defendants will be directed to produce any records requested by Plaintiffs' auditor within thirty (30) days. Should the audit reveal unpaid or delinquent contributions, Plaintiffs may petition the court, with proper evidentiary support, requesting appropriate relief, including reimbursement of the audit fee and attorneys' fees and costs associated with the litigation.[2]

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for default judgment will be granted in part and denied in part. A separate order will follow.

```
_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
```

---

[2] While Plaintiffs have attached to their motion two declarations in support of an award of attorneys' fees and costs, their request is premature. Pursuant to the Trust Agreements, they may recover these amounts only upon showing that Defendants "fail[ed] to pay contributions in a timely fashion." (ECF No. 1 ¶ 16; *see also* ECF No. 9-3 ¶ 12). Because no such showing has yet been made, Plaintiffs may not recover attorneys' fees and costs at this juncture. Accordingly, their motion in this regard will be denied without prejudice to renewal.